## MRS. FLOYD MILLER v. STATE.

No. A-6384.   Opinion Filed June 15, 1929.
(278 Pac. 403.)

Sam S. Gill, for plaintiff in error.

Edwin Dabney, Atty. Gen., for the State.

DAVENPORT, J.   The plaintiff in error, hereinafter called the defendant, was convicted of transporting intoxicating liquor from one place in the state to another, and was sentenced to imprisonment in the county jail for 60 days and to pay a fine of $200.   Motion for new trial was filed and overruled, and defendant has appealed to this court.

The testimony on behalf of the state in this case shows that the defendant drove to the home of Obe Hathaway and got out and took something out of her car and went in the house and set it on the table in the room where Mrs. Hathaway was; the officers followed her in the house and saw her set a gallon jug on the table; they claim it was whisky.   Three officers testified to having seen the defendant take something out of her car and put it under her top coat and go into the house, and saw her set it down on the table, and testify it was whisky.

Mrs. Bernice Hathaway, the wife of Obe Hathaway, testified that the officers arrested Mrs. Miller at her place; just prior to the time of her arrest Mrs. Miller came in and set a gallon jug on her table; she could not say what the jug contained.   The witness identified the jug the officers took that had been placed on her table by defendant.   Mrs. Hathaway said she did not know it was whisky.   Mrs. Hathaway admitted she had been convicted for violating the prohibition laws.

The defendant testified in her own behalf and denied she took any whisky into the Hathaway home, but stated she was down there to collect some money Mr. Hathaway owed her husband; that when she arrived there Mr. Mullinex, Mrs. Hathaway, "and a man I did not know were all drinking; Mr. Mullinex said, 'Don't be afraid of me,

I have my commission in my pocket;' I went down there in a Ford coupe; when I went in the house Mrs. Hathaway had the cork and Mr. Mullinex had the jug to his lips, and asked me to take a drink; I did not drink any. Brick Garrison and the others that were there seemed to be drinking." The witness stated she had never violated the prohibitory liquor laws. This is in substance the testimony in the case.

The defendant requested the court to instruct the jury to return a verdict of not guilty for the reason that the evidence is not sufficient to support the charge of transporting intoxicating liquor from one place to another. The request was overruled and defendant excepted.

Several errors are assigned by the defendant. The second being, the trial court erred in overruling plaintiff in error's motion for a new trial and in refusing to grant a new trial. The defendant also assigns as errors that the trial court erred in overruling her demurrer to the information. Upon an examination of the information we hold that it states facts sufficient to advise the defendant of the crime with which she is charged, and the court did not err in overruling the demurrer.

The testimony in this case is conflicting. The state's testimony tends to show that the defendant took a jug of whisky from her car into the Hathaway home and set it on the table. Mrs. Hathaway states the defendant brought the jug in and set it on the table. Some of the state's witnesses, without giving any reason for saying the jug contained whisky, stated the contents of the jug was whisky. The county attorney, over the objection of the defendant, was permitted on cross-examination to ask the defendant if she did not associate with bootleggers and if her husband was not in jail for bootlegging and

many other improper questions. The defendant was charged with transporting intoxicating liquor and the evidence should have been confined to that charge. This court has repeatedly held that, where the testimony is conflicting, it will not disturb the verdict of the jury. We hold the evidence is sufficient to sustain a conviction.

There are several other errors assigned by the defendant, some of which have merit, but we do not think they are sufficient to justify this court in reversing the same. The instructions of the court substantially declare the law. In view of the record in this case and the many questions improperly propounded to the defendant by the county attorney, we believe the ends of justice will be properly met by a modification of this sentence to 30 days in jail and a fine of $100, and as so modified the judgment is affirmed.

EDWARDS, P. J., and CHAPPELL, J., concur.